## State *v.* McGlynn.

The provisions of sec. 4, of the act of 1855, for the suppression of intemperance, that the officer, complainant, &c., may be examined as witnesses on the trial of the person arrested, as to any matters alleged in the complaint, were not necessary to render such persons competent witnesses, as they are competent upon general principles, not having any interest in the result of the proceedings.

Where the enacting clause of a statute describes an offence with certain exceptions, it is necessary to state all the circumstances that constitute the offence, and to negative the exceptions ; but where there are exceptions or provisos contained in separate clauses or provisions of the statute, they may be omitted in the indictment, and the respondent may show them in defence.

State *v.* McGlynn.

The first section of said act of 1855 declares, " that it shall be unlawful and criminal for any person to sell or keep for sale any spirituous or intoxicating liquor, or any mixed liquor, any part of which is spirituous or intoxicating, contrary to the provisions of this act; provided that nothing in this act contained shall be construed to prevent the sale or keeping for sale, by any per_son, of domestic wine or cider unmixed with spirituous liquor, except when sold to be drank on or about the premises where sold, or the sale or keeping for sale, by the importer thereof, in the original casks or packages in which it was imported, of foreign spirituous or intoxicating liquor imported under the authority of the laws of the United States." In an indictment upon this section, it was held that it was unnecessary to aver that the keeping for sale was not of any of the kinds of liquor specified in the proviso.

Where the subject matter of a negative averment in an indictment relates to the respondent personally, or lies peculiarly within his knowledge, the averment will be taken as true unless disproved by him.

Upon an indictment for a breach of the license law 'of 1855, alleging affirmatively that the respondent was not an agent for the sale of liquor, the State is not bound to prove the averment.

Where an indictment was for *keeping* for sale spirituous liquors, contrary to the statute, the fact may be proved without showing a sale or an offer, or an attempt to sell.

INDICTMENT, for keeping intoxicating liquor for sale. Upon trial, a witness for the State testified that he was a constable of Nashua, and that, on the 15th day of October, 1855, (the day of the alleged offence,) he went to the respondent's store, in Nashua, in company with and as assistant to the assistant marshal of that city, who had a warrant to search McGlynn's store for spirituous liquors.

The counsel for the respondent here objected that the evidence of the officers who made the search should not be admitted, inasmuch as, under the fourth section of the act of 1855, providing for a search, certain proceedings are to be had; and that the officers should not be examined as to matters alleged in the complaint, or connected with said search, except upon proof of due legal proceedings, according to the provisions of said section.

They also objected that under the first section of the act, making it criminal to keep for sale any liquors, the State were bound to allege in the indictment that the respondent is not within the exceptions therein contained; and, upon trial, to prove the matters thus alleged :

That the indictment, having alleged affirmatively that the respondent was not an agent for the sale of liquor, the State were bound to prove that fact by competent testimony, as alleged :

That evidence of a sale, or an offer or an attempt to sell, should have been required to sustain a conviction of a keeping for sale, and that the mere possession of liquors and the utensils usual in that trade, not connected with any sale or offer to sell, is not sufficient evidence of an unlawful keeping, it having appeared in evidence that the respondent had been dealing in liquors previous to the taking effect of the act of 1855, and there being no evidence of any purchase of liquors by him since that time.

These objections were overruled by the court, and the respondent excepted. The jury returned a verdict for the State, which the respondent moved to set aside for error in the rulings ; and the questions were reserved for the decision of the whole court.

*Sullivan,* Attorney-General, for the State.

*Morrison,* for the respondent.

EASTMAN, J. The fourth section of the act of 1855, for the suppression of intemperance, provides for a search for liquors under certain circumstances, and that, upon complaint made, the magistrate shall issue his warrant, commanding any competent officer, who may serve the same, to arrest the person complained against, and in the day time, in the presence of the complainant or any other person or persons that the magistrate may designate, to search the premises, &c., and then provides that " the said officer, complainant, or other person designated as aforesaid, may be examined as witnesses on the trial of the person so arrested, as to any matters alleged in said complaint or connected with said search.

It was objected on the trial that the officer, complainant and persons designated, as stated in the section, could not be witnesses without its being first shown that the proceedings had been legal and regular, according to the provisions of the section.

How far such an objection might avail, were the persons incompetent except by virtue of the act, it is unnecessary to examine, as we think they are all competent witnesses upon general principles.

The proceedings under this act are in their nature criminal. The selling or keeping for sale spirituous liquors contrary to the provisions of the act, is declared to be unlawful, and such sale is made a crime. Neither the officer, complainant, or persons designated in whose presence the search is to be made, are liable for any of the costs of the prosecutions, nor do any of the fines accrue to them. They have, therefore, no interest in the result, and there is no legal ground upon which they can be excluded from testifying. This provision in the fourth section, making them witnesses, was probably inserted out of abundant caution, but it was unnecessary.

The witness who was objected to in the present case, was a constable, and went as an assistant of the officer who had the warrant to serve. He was no legal party to the prosecution and was to gain or lose nothing by the proceeding. He was therefore a competent witness.

The second exception taken upon the trial, and in arrest of judgment, was, that the government were bound to aver in the indictment that the respondent was not within the exceptions contained in the first section of the act, and to prove the averments thus made.

The first section of the act declares " that it shall be unlawful and criminal for any person to sell or keep for sale any spirituous or intoxicating liquor, or any mixed liquor, any part of which is spirituous or intoxicating, contrary to the provisions of the act ; provided, that nothing in this act contained shall be construed to prevent the sale or keeping for sale, by any person, of domestic wine or cider, unmixed with spirituous liquor, except when sold to be drank on or about the premises where sold, or the sale or keeping for sale, by the importer thereof, in the original casks or packages in which it was imported, of foreign spirituous or intoxicating liquor imported under the authority of the laws of the United States."

The exception to the indictment is, that it does not negative the fact that the keeping for sale by the respondent was not of any of the kinds of liquor specified in the proviso of the section. The rule upon this subject is this, that where the enacting clause of the statute describes the offence with certain exceptions, it is necessary to state all the circumstances that constitute the offence and to negative the exceptions ; but where there are exceptions or provisos contained in separate clauses or provisions of the statute, they may be omitted in the indictment, and the respondent may show them in his defence. *Rex* v. *Jarvis*, 1 East 643, note; Wharton's Crim. Law 96 ; 1 Chit. Crim. Law 283 ; *State* v. *Adams*, 6 N. H. 532; *Com.* v. *Maxwell*, 2 Pick. 139 ; *State* v. *Abbott*, 11 Foster 434 ; *State* v. *Fuller*, 33 N. H. 259.

According to this rule, it was unnecessary to state in the indictment the exceptions contained in the proviso of the section. They are not a part of the enacting clause. By that the offence is complete when the respondent sells or keeps for sale any spirituous or intoxicating liquors, contrary to the act; that is, without being an agent for a town or city ; and if the liquors which he sells or keeps for sale fall within the proviso of the section, it is for him to show it.

The next exception taken was, that the indictment, having alleged that the respondent was not an agent for the sale of liquor, the State were bound to prove that fact.

In many cases negative averments and allegations being of the essence of the offence, or of the ground of action, must be proved. But where the subject matter of a negative averment relates to the defendant personally, or is peculiarly within his knowledge, the averment will be taken as true unless disproved by him. *Rex* v. *Turner*, 5 M. & S. 206 ; *United States* v. *Hayward*, 2 Gall. 485 ; *Sheldon* v. *Clarke*, 1 Johns. 513 ; 1 Greenl. Ev., sec. 79.

This rule was sanctioned in this State in the case of *State* v. *Fuller*, 3 Foster 348, on an indictment for a breach of the license laws ; the indictment alleging that the respondent, not

State *v.* McGlynn.

being licensed, &c., sold, &c., and no evidence being offered that the defendant had not a license. The court in that case held that it was unnecessary to prove the averment.

The present case falls within that rule. The statute provides that no person not being an agent shall sell, &c., and the former statute provided that no person not being licensed, &c., shall sell. The averments upon both statutes upon this point are negative in their character, but the subject matter of the same lies peculiarly within the knowledge of the defendants. They stand upon the same principle, and this exception cannot prevail.

The last objection appears to us to be equally untenable. The indictment was for " keeping" liquor for sale, and the exception was that before a conviction could be had, it should be shown that there had been a sale, or an offer, or an attempt to sell. The fact to be established was that the liquors had been *kept* for sale. Now the jury might be well satisfied of the fact from the manner in which the liquors were kept in the building, or from the declarations of the defendant in regard to them, or from various circumstances which might be supposed, without its being shown that there had been any offer or attempt to sell. There are many matters which might be competent to be submitted to a jury as tending to show the object for which the liquors were kept, without showing a sale or an offer to sell, and if the jury should deem the evidence sufficient to show that liquor was kept for sale, the indictment would be sustained. That no sale or offer or attempt to sell was shown, might be good matter of argument before the jury, but the want of such evidence could not be good ground for setting aside a verdict.

The exceptions taken in this case were to the competency of evidence, and to the formal insufficiency of the indictment. No question was raised as to the constitutionality of the act, and it has not been considered.

The exceptions must be overruled, and there must be

*Judgment on the verdict.*